## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| DAVID S. MAXWELL, DAVID S. MAXWELL, INDIVIDUALLY, AND AS THE EXECUTOR OF THE ESTATE OF VICKI MAXWELL, DECEASED, ERIN PATTON, DANA CHRNYZANOSKI, ROSLYN DAVIS, AND DERWOOD DAVIS,<br><br>Plaintiffs,<br><br>v.<br><br>CELLCO PARTNERSHIP D/B/A VERIZON WIRELESS, VERIZON WIRELESS, INC., VERIZON WIRELESS (VAW), LLC, AND VERIZON WIRELESS SERVICES, LLC,<br><br>Defendants. | C.A. No. _____<br><br>**JURY TRIAL DEMANDED** |

## COMPLAINT

## INTRODUCTION

1. This case seeks damages for personal injury, wrongful death, as well as damages under the applicable Survival Act arising from the crash of a single engine aircraft near Helenwood, TN on January 30, 2018.

2. The Plaintiffs and beneficiaries of the named estate are subscribers to the defendants' telecommunication services.

3. When the aircraft impacted the ground, first responders were unable to locate a signal from the aircraft's emergency locater transmitter.

4. Plaintiffs and beneficiaries of the estate of the deceased contacted the Defendants requesting them to identify the location of cellphone signals from the aircraft so that first responders could rescue the victims.

5. Defendants failed or refused to assist, and as a result Vicki Maxwell froze to death and David Maxwell suffered enhanced injuries as they were trapped in the aircraft wreckage overnight in the frigid winter temperatures.

## THE PARTIES

6. Plaintiff David Maxwell is an individual and resident of the state of Ohio.

7. Plaintiff David Maxwell is also the duly appointed administrator of the estate of his deceased wife, Vicki Maxwell. This appointment was made by the Probate Court of Clark County, Ohio.

8. Plaintiff Erin Patton is an individual and resident of the state of Ohio and is the natural daughter of Vicki Maxwell. Ms. Patton was the named subscriber on a Verizon Wireless services account which also included wireless services for co-plaintiff David Maxwell and decedent Vicki Maxwell.

9. Plaintiff Dana Chrnyzanoski is an individual and resident of the state of Ohio and natural daughter of Vicki Maxwell.

10. Plaintiff Roslyn Davis is an individual and resident of the state of Illinois and natural mother of Vicki Maxwell.

11. Plaintiff Derwood Davis is an individual and resident of the state of Illinois and natural father of Vicki Maxwell.

12. Defendant CELLCO Partnership is a believed and therefore averred to be a general partnership existing under the laws of the state of Delaware maintaining a registered agent at The Corporation Trust Company, Corporation Trust Center, 1209 Orange St., Wilmington, DE 19801. CELLCO PARTNERSHIP does business as Verizon Wireless.

13. Defendant Verizon Wireless, Inc. is a company existing under the laws of the state of Delaware maintaining a registered agent at The Corporation Trust Company, Corporation Trust Center, 1209 Orange St., Wilmington, DE 19801.

14. Defendant Verizon Wireless Services, LLC is a limited liability company existing under the laws of the state of Delaware maintaining a registered agent at The Corporation Trust Company, Corporation Trust Center, 1209 Orange St., Wilmington, DE 19801.

15. Defendant Verizon Wireless (VAW), LLC is a believed and therefore averred to be a limited liability company existing under the laws of the state of Delaware maintaining a registered agent at The Corporation Trust Company, Corporation Trust Center, 1209 Orange St., Wilmington, DE 19801.

16. Collectively the defendants are referred to as "the Verizon Defendants."

## JURISDICTION AND VENUE

17. Jurisdiction in this Court is appropriate pursuant to 28 U.S.C. § 1332 because complete diversity among the parties exists and the cause of action seeks damages in excess of $75,000.

18. Venue in this jurisdiction exists because all defendants are incorporated and/or otherwise organized under the laws of the State of Delaware.

## BACKGROUND FACTS

19. On January 30, 2018, David Maxwell was the pilot of a single engine Beech 35-A33 Debonair aircraft. His wife, Vicki Maxwell, was the right front seat passenger.

20. At approximately 1:55 pm the aircraft was last detected over eastern Tennessee before it went off radar.

21. The aircraft had experienced an engine failure and crashed in a remote wooded area in eastern Tennessee.

22. Upon impact, both David Maxwell and Vicki Maxwell suffered serious personal injuries, including but not limited to, spinal fractures and spinal cord injuries.

23. The occupants of the aircraft were unable to egress and were forced to remain in the aircraft.

24. David and Vicki Maxwell's family, including daughter Erin Patton, notified law enforcement authorities of the missing aircraft.

25. Erin Patton was the named contract holder for wireless services with the Verizon Defendants.

26. Included in that contract were the cell phone accounts for David Maxwell and Victoria Maxwell.

27. Erin Patton contacted the Verizon Defendants and requested them to disclose the location of the cell phone signals emitted from David Maxwell's and Vicki Maxwell's cell phones and explained that doing so was a matter of life and death as rescue efforts depended on information tending to locate the whereabouts of the crashed aircraft.

28. The Verizon Defendants failed to provide the information and instead instructed Erin Patton to call back at midnight and represented that assistance would be provided then.

29. When Erin Patton called back at midnight, the Verizon Defendants' facility was not in service.

30. Over the course of the night, David Maxwell and Vicki Maxwell experienced excruciating pain and suffering.

31. Over the course of the night after hours of suffering, Vicki Maxwell died from hypothermia.

32. The aircraft and its occupants were not found by first responders until 8:00 am the following day on January 31, 2018.

33. The Verizon Defendants have the capability of identifying the location of a cell phone signal and their failure to disclose the information in whole or in part proximately resulted in the damages claimed herein as a cell phone signal was being transmitted during the time of Plaintiffs efforts to obtain location information.

34. As a result of Vicki Maxwell's death, her husband David Maxwell has been deprived of her care, comfort, companionship, love, protection, advice, consortium, and services. He has suffered mental anguish, grief, and sorrow arising from her death.

35. The Estate of Vicki Maxwell, which includes Plaintiffs David Maxwell, Erin Patton, and Dana Chrnyzanoski, by and through the beneficiaries listed here and below, has also suffered significant economic losses including but not limited to lost earnings, net accumulations, lost inheritance, pecuniary losses, and other damages permitted by law.

36. The children and beneficiaries of Vicki Maxwell, including her parents Roslyn and Derwood Davis, have also suffered loss of the care, comfort, companionship, love, guidance, tutelage, protection, advice, and services of their mother/daughter and have sustained economic damages as a result of her death including but not limited to lost earnings, net accumulations, lost inheritance, pecuniary losses, and other damages permitted by law.

**COUNT I: NEGLIGENCE**
**Plaintiffs vs. the Verizon Defendants**

37. Averments 1 through 36 are incorporated herein as if set forth at length.

38. The Verizon Defendants owed duties to the Plaintiffs pursuant to contract for wireless phone services.

39. The Defendants have possession of the contract and included within the contract is implied obligation that the Verizon Defendants will follow their procedures and protocols with respect to emergency location services to which it is capable of performing given the technology available.

40. Upon information and belief, the contract also contains an express provision providing for the same or similar requirements as identified above.

41. The Verizon Defendants also owed duties to the Plaintiffs because they assumed an undertaking by promising to assist the Plaintiffs in locating the cell phone signal of the victims of the accident.

42. The Verizon Defendants are also charged with a common law duty arising from circumstances sufficient to foresee imminent harm to the Plaintiff and/or those subscribers in danger about whom the Plaintiff was trying to ascertain location information.

43. The Verizon Defendants knew or should have known that their failure to act would cause certain harm including death and serious bodily injury.

44. The Verizon Defendants breached the duties owed to the Plaintiffs in the following manners:

   a. failing to transfer the Plaintiff caller to the law enforcement cooperation division which would have caused the location of cell phone signal to be identified and a timely successful rescue.

   b. failing to act reasonably and/or prudently by instructing the Plaintiff caller to wait several hours until midnight before calling back and making the

        affirmative representation that assistance would be provided then when it would not.

        c.    improperly delaying and/or obstructing the rescue efforts of the victims of the aircraft accident by not providing cell phone location of the occupants.

        d.    improperly not enlisting the assistance of other more experienced and knowledgeable individuals employed by defendants who would have known the appropriate procedures for locating cell phone locations in emergency situations.

        e.    inadequately training employees concerning the protocol for handling emergency situations when cell phone location information is necessary and should be provided to the client.

        f.    negligently entrusting important customer contact duties to employees who are not trained sufficiently to handle emergency situations or otherwise have demonstrated inability to understand or follow protocols for emergency situations.

        g.    defendant breached its duties owed to Plaintiffs in manners to be developed in discovery.

45.    As a direct and proximate result of the foregoing breaches of duties owed by the Verizon Defendants, the rescue efforts to locate the crashed aircraft were delayed and obstructed and Vicki Maxwell experienced conscious pain and suffering, personal injuries, and died.

46.    As a direct and proximate result of the foregoing breaches of duties owed by the Verizon Defendants, the rescue efforts to locate the crashed aircraft were delayed and obstructed and David Maxwell experienced conscious pain and suffering, personal injuries, and disfigurement.

47. As a direct and proximate result of the foregoing breaches of duties owed by the Verizon Defendants, the rescue efforts to locate the crashed aircraft were delayed and obstructed and David Maxwell, Erin Patton, Dana Chrnyzanoski, Roslyn Davis, and Derwood Davis and all other beneficiaries of the Estate of Vicki Maxwell suffered damages recoverable under the applicable wrongful death and survival acts including but not limited to loss of care, comfort, companionship, love, protection, advice, consortium, and services, mental anguish, grief, and sorrow in connection with the death of Vicki Maxwell.

48. The Estate of Vicki Maxwell and/or beneficiaries of the estate, along with Plaintiffs, have also suffered significant economic losses including but not limited to lost earnings, net accumulations, lost inheritance, pecuniary losses, and other damages permitted by law.

WHEREFORE, Plaintiffs respectfully request judgement in their favor together with compensatory and punitive damages, pre- and post-judgment interest, costs, attorney's fees, and any other relief this Court deems appropriate.

**COUNT II: BREACH OF CONTRACT**
**Plaintiffs vs. the Verizon Defendants**

49. Averments 1 through 48 are incorporated herein as if set forth at length.

50. The Verizon Defendants entered into a binding agreement with Erin Patton and, as third-party beneficiaries, the remaining Plaintiffs for wireless phone services. Verizon Defendants have possession of the contract.

51. Included within the contract is an obligation that the Verizon Defendants will follow their procedures and protocols with respect to emergency location services to which it is capable of performing given the technology available.

52. The Verizon Defendants breached the agreement by, among other reasons, failing to provide emergency location services in the following ways:

   a. failing to transfer the Plaintiff caller to the law enforcement cooperation division which would have caused the location of cell phone signal to be identified and a timely successful rescue.

   b. failing to act reasonably and/or prudently by instructing the Plaintiff caller to wait several hours until midnight before calling back and making the affirmative representation that assistance would be provided then.

   c. improperly delaying and/or obstructing the rescue efforts of the victims of the aircraft accident by not providing cell phone location of the occupants.

   d. improperly not enlisting the assistance of other more experienced and knowledgeable individuals employed by defendants who would have known the appropriate procedures for locating cell phone locations in emergency situations.

   e. inadequately training employees concerning the protocol for handling emergency situations when cell phone location information is necessary and should be provided to the client.

   f. negligently entrusting important customer contact duties to employees who are not trained sufficiently to handle emergency situations or otherwise have demonstrated inability to understand or follow protocols for emergency situations.

   g. defendant breached its duties owed to Plaintiffs in manners to be developed in discovery.

53. These breaches of the agreement caused Plaintiffs damages, including, but not limited to, conscious pain and suffering, personal injuries, death, loss of care, comfort,

companionship, love, protection, advice, consortium, and services, mental anguish, grief, sorrow, and economic losses including but not limited to lost earnings, net accumulations, lost inheritance, pecuniary losses, and other damages permitted by law.

WHEREFORE, Plaintiffs respectfully request judgement in their favor together with compensatory and punitive damages, pre- and post-judgment interest, costs, attorney's fees, and any other relief this Court deems appropriate.

### COUNT III: MISREPRESENTATION (INTENTIONAL AND NEGLIGENT)
### Plaintiffs vs. the Verizon Defendants

54. Averments 1 through 53 are incorporated herein as if set forth at length.

55. Erin Patton contacted the Verizon Defendants and disclosed the existence of a life or death situation for which cellular phone signal location was of paramount importance.

56. The Verizon Defendants knew or through the exercise of due care should have known that in the situation described by Erin Patton the cellular phones of the victims of this accident would be subject to a limited battery life and that immediate action was necessary.

57. The Verizon Defendants knew or through the exercise of due care should have known that by delaying assistance to midnight that the risk the signal would be lost was likely.

58. The Verizon Defendants knew or through the exercise of due care should have known that by delaying assistance until midnight that the victims of the aircraft accident would suffer.

59. The Verizon Defendants knew or through the exercise of due care should have known that no assistance would be provided to Erin Patton at midnight nonetheless represented to her that assistance could be provided at that time.

60. The Verizon Defendants knew or through the exercise of due care should have known that no assistance could be provided at midnight.

61. The Verizon Defendants knew or through the exercise of due care should have known that assistance in locating cellular phone signals could be provided at the time of the initial call and that there was no need to delay until midnight.

62. Given the nature of the circumstances presented and the status of Erin Patton as a contract holder, the Verizon Defendants were obligated to disclose the information requested and to make accurate and truthful representations.

63. The Verizon Defendants caused Erin Patton to wait several hours during which time she reasonably had hope and expectation that the Verizon Defendants would provide the location of cell phone signals so her parents could be rescued.

64. Erin Patton relied upon the Verizon Defendants representations that assistance would be provided at midnight.

65. When Erin Patton called the Verizon Defendants at midnight as instructed there was no answer and she experienced devastating emotional distress and helplessness.

66. As a direct and proximate result of the foregoing misconduct by the Verizon Defendants, the rescue efforts to locate the crashed aircraft were delayed and obstructed and Vicki Maxwell experienced conscious pain and suffering, personal injuries, and died.

67. As a direct and proximate result of the foregoing misconduct by the Verizon Defendants, the rescue efforts to locate the crashed aircraft were delayed and obstructed and David Maxwell experienced conscious pain and suffering, personal injuries, and disfigurement.

68. As a direct and proximate result of the foregoing breaches of the foregoing misconduct Verizon Defendants, the rescue efforts to locate the crashed aircraft were delayed and obstructed and David Maxwell, Erin Patton,  Dana Chrnyzanoski,, Roslyn Davis, and Derwood Davis and all other beneficiaries of the Estate of Vicki Maxwell suffered damages

recoverable under the applicable wrongful death and survival acts including but not limited to loss of care, comfort, companionship, love, protection, advice, consortium, and services, mental anguish, grief, and sorrow.

69. The Estate of Vicki Maxwell and/or beneficiaries of the estate, along with Plaintiffs, have also suffered significant economic losses including but not limited to lost earnings, net accumulations, lost inheritance, pecuniary losses, and other damages permitted by law.

WHEREFORE, Plaintiffs respectfully request judgement in their favor together with compensatory and punitive damages, pre- and post-judgment interest, costs, attorney's fees, and any other relief this Court deems appropriate.

### COUNT IV: INTENTIONAL AND NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS
### Plaintiffs vs. the Verizon Defendants

70. Averments 1 through 69 are incorporated herein as if set forth at length.

71. The conduct of the Verizon Defendants in failing to provide the crucial information to Plaintiffs, causing David Maxwell to sit in an airplane crash wreckage and helplessly sit idle, due to his injuries, next to his wife and watch her freeze to death over several hours, while the Verizon Defendants intentionally failed to provide or ultimately provided false, misleading, and/or inaccurate information was outrageous.

72. Upon information and belief, the conduct was intentional, but at least negligent.

73. As a direct result of the misconduct described above, the David Maxwell suffered emotional distress.

74. Additionally, the conduct of the Verizon Defendants in failing to provide the crucial information to Plaintiffs, causing Erin Patton to wait until midnight, obstructing the investigation and search for her parents, and providing false information was outrageous.

75. Upon information and belief, the conduct was intentional, but at least negligent.

76. As a direct result of the misconduct described above, the Plaintiffs all suffered emotional distress.

WHEREFORE, Plaintiffs respectfully request judgement in their favor together with compensatory and punitive damages, pre- and post-judgment interest, costs, attorney's fees, and any other relief this Court deems appropriate.

### COUNT V: WILLFULL, WANTON, OUTRAGEOUS MISCONDUCT
### Plaintiffs vs. the Verizon Defendants

77. Averments 1 through 76 are incorporated herein as if set forth at length.

78. The conduct of the Verizon Defendants in failing to provide the crucial information to Plaintiffs, causing her to wait until midnight, obstructing the investigation and search for her parents, and providing false information was willful, wanton, and outrageous misconduct.

79. As a direct and proximate result of the foregoing misconduct by the Verizon Defendants, the rescue efforts to locate the crashed aircraft were delayed and obstructed and David Maxwell experienced conscious pain and suffering and personal injuries.

80. As a direct and proximate result of the foregoing breaches of the foregoing misconduct Verizon Defendants, the rescue efforts to locate the crashed aircraft were delayed and obstructed and David Maxwell, Erin Patton, Dana Chrnyzanoski, Roslyn Davis, and Derwood Davis and all other beneficiaries of the Estate of Vicki Maxwell suffered damages recoverable under the applicable wrongful death and survival acts including but not limited to

loss of care, comfort, companionship, love, protection, advice, consortium, and services, mental anguish, grief, and sorrow.

81. The Estate of Vicki Maxwell and/or beneficiaries of the estate, along with the Plaintiffs, have also suffered significant economic losses including but not limited to lost earnings, net accumulations, lost inheritance, pecuniary losses, and other damages permitted by law.

WHEREFORE, Plaintiffs respectfully request judgement in their favor together with compensatory and punitive damages, pre- and post-judgment interest, costs, attorney's fees, and any other relief this Court deems appropriate.

## DEMAND FOR TRIAL BY JURY

82. Plaintiffs demand a trial by jury on all counts so triable.

Dated: January 28, 2019

Of Counsel:

Bradley Stoll
Katzman Lampert & Stoll
121 N. Wayne Ave. # 205
Wayne, PA 19087
Phone: (610) 686-9686
bstoll@klm-law.com

Respectfully submitted,

FARNAN LLP

/s/ Michael J. Farnan
Brian E. Farnan (Bar No. 4089)
Michael J. Farnan ( Bar No. 5165)
919 N. Market St., 12th Floor
Wilmington, DE 19801
Telephone: (302) 777-0300
Fax: (302) 777-0301
bfarnan@farnanlaw.com
mfarnan@farnanlaw.com

*Attorneys for Plaintiffs*