IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| DAVID S. MAXWELL, DAVID S. MAXWELL, INDIVIDUALLY, AND AS THE EXECUTOR OF THE ESTATE OF VICKI MAXWELL, DECEASED, ERIN PATTON, DANA CHRNYZANOSKI, ROSLYN DAVIS, and DERWOOD DAVIS,<br><br>Plaintiffs,<br><br>v.<br><br>CELLCO PARTNERSHIP D/B/A VERIZON WIRELESS, VERIZON WIRELESS, INC., VERIZON WIRELESS (VAW), LLC, and VERIZON WIRELESS SERVICES, LLC,<br><br>Defendants. | Civil Action No. 19-152-RGA |

MEMORANDUM ORDER

The United States Magistrate Judge made a Report and Recommendation. (D.I. 23). Plaintiffs filed objections. (D.I. 24). Defendants responded. (D.I. 25).

Magistrate Judges have authority to make decisions pursuant to 28 U.S.C. § 636(b)(1)(B). Both sides agree that my review of any objections to this report is *de novo*. (D.I. 24 at 3; D.I 25 at 5); *see* Fed. R. Civ. P. 72(b)(3).

The Magistrate Judge recommended that Defendants' Motion to Stay and Compel Arbitration (D.I. 15) be granted. (D.I. 23 at 14). Specifically, the Magistrate Judge recommended that the Customer Agreement contains a valid and enforceable arbitration provision and that all Plaintiffs are subject to the Customer Agreement's arbitration provision. (*Id.* at 10). The Magistrate Judge also recommended that the instant dispute falls within the scope of the arbitration provision and that Plaintiffs have not established that the arbitration

1

provision is unconscionable. (*Id.* at 13-14). The Magistrate Judge further recommended that the case be administratively closed to allow the parties to continue with arbitration. (*Id.* at 14).

Plaintiffs raise two objections to the Magistrate Judge's recommendations. (D.I. 24).

First, Plaintiffs object that the Magistrate Judge erred in applying a "but for" standard in assessing arbitrability. (*Id.* at 3-4). Plaintiffs argue that the use of a "but for" standard created a false connection between the Customer Agreement and the instant dispute. (*Id.* at 6). Plaintiffs assert that the dispute does not actually "touch matters" relating to the Customer Agreement and therefore "there should be no presumption in favor of arbitrating a claim never contemplated by the parties." (*Id.*). Plaintiffs further argue that, even if the presumption of arbitrability applies, the Magistrate Judge failed to analyze any "positive assurance that this dispute was not intended to be arbitrated." (*Id.*).

The Magistrate Judge correctly applied the appropriate legal standard. The Supreme Court has long held that if there is a valid arbitration clause in a contract, the presumption of arbitrability exists and can only be overcome by "positive assurance that the arbitration clause is not susceptible of an interpretation that covers the asserted dispute." *AT & T Techs., Inc. v. Commc'ns Workers of Am.*, 475 U.S. 643, 650 (1986). The Magistrate Judge recommended that a "valid and enforceable arbitration provision exists." (D.I. 23 at 10). Plaintiffs do not object to this recommendation. (D.I. 24). I adopt the Magistrate Judge's recommendation that the arbitration provision is valid and enforceable, and thus the presumption of arbitrability applies. The remaining "issue is whether it may be said with 'positive assurance' that the instant dispute falls outside the substantive scope of the agreement" to overcome the presumption. *PaineWebber Inc. v. Hartmann*, 921 F.2d 507, 511 (3d Cir. 1990). Ohio[1] courts have held that:

---

[1] The Customer Agreement is governed by "federal law and the laws of the state encompassing the area code of your wireless phone number when you accepted this agreement, without regard to the conflicts of laws and rules of that

> Whether a claim falls within the scope of an arbitration agreement turns on the factual allegations in the complaint rather than the legal causes of action asserted. Thus, if the allegations underlying the claims "touch matters" covered by the parties' agreements, then those claims must be arbitrated, whatever the legal label attached to them.

*Duryee v. Rogers*, 1999 WL 744341, at *4 (Ohio Ct. App. Sept. 23, 1999) (cleaned up). The strong presumption in favor of arbitrability means that "all doubts should be resolved in . . . favor" of arbitration. *Hayes v. Oakridge Home*, 908 N.E.2d 408, 412 (Ohio 2009). To determine whether the allegations underlying the claims "touch matters" covered by the parties' agreements, Ohio courts have considered whether the claim "could be maintained without reference to the contract or relationship at issue. If it could, it is likely outside the scope of the arbitration agreement." *Fries v. Greg G. Wright & Sons, LLC*, 120 N.E.3d 426, 440 (Ohio Ct. App. 2018).

The instant dispute centers around the location information of Mr. and Mrs. Maxwell's cell phones following an aircraft crash. (D.I. 23 at 3). Plaintiffs have asserted four claims against Defendants related to Defendants' nondisclosure of the location information for Mr. and Mrs. Maxwell's cell phones after the crash. (*Id.*). Mr. and Mrs. Maxwell had cell phones with Verizon service. (*Id.* at 4). The Customer Agreement is the document memorializing the terms of the relationship between Mr. and Mrs. Maxwell and Verizon. (*Id.* at 4-7). By activating their cell phone service, Mr. and Mrs. Maxwell agreed to the terms of the Customer Agreement. (*Id.* at 4).

Without the Customer Agreement, Plaintiffs' claims could not be maintained because the cell phones would not have been in service or able to communicate with Verizon's cell towers.

---

state." (D.I. 17, Ex. K; Ex. L). Verizon concludes that the dispute is covered by the Federal Arbitration Act ("FAA") and the laws of Ohio, and Plaintiffs do not dispute this conclusion. (D.I. 16 at 8; D.I. 19 at 8 n.1, 12 n.2, 15-16). "The FAA instructs courts to refer to principles of applicable state law when determining the existence and scope of an agreement to arbitrate." *Trippe Mfg. Co. v. Niles Audio Corp.*, 401 F.3d 529, 532 (3d Cir. 2005).

Thus, the factual allegations underlying Plaintiffs' claims "touch matters" covered by the Customer Agreement. Therefore, there is no "'positive assurance' that the instant dispute falls outside the substantive scope of the agreement," because the claims are based on the furnishing of Verizon cell phone services. *PaineWebber*, 921 F.2d at 511. The presumption of arbitrability is not overcome and the claims fall within the scope of the Customer Agreement's arbitration provisions.

I thus overrule Plaintiffs' first objection to the Magistrate Judge's recommendation.

Second, Plaintiffs assert that the Magistrate Judge misapplied the "touches matters" standard. (*Id.* at 7). Plaintiffs argue that the "touches matters" standard is used to determine "when the presumption in favor of arbitrability arises." (*Id.* at 9). Plaintiffs assert that if the "claim touches matters concerning the contract then there is a presumption of arbitrability." (*Id.*). Then, Plaintiffs continue, arbitration is required "unless there is 'positive assurance that the arbitration clause is not susceptible of an interpretation that covers the asserted dispute.'" (*Id.*). Plaintiffs argue that the Magistrate Judge's analysis resulted in the "touches matters" standard swallowing the "positive assurance" rule. (*Id.*).

I do not agree that the Magistrate Judge misstated the legal standard. "Before compelling an unwilling party to arbitrate," the FAA "requires the court to engage in a limited review to ensure that the dispute is arbitrable—i.e., that a valid agreement to arbitrate exists between the parties and that the specific dispute falls within the substantive scope of that agreement." *PaineWebber*, 921 F.2d at 511. The presumption in favor of arbitrability arises with a valid arbitration provision, not upon an analysis of whether the asserted claims "touch matters" concerning the contract. *AT & T*, 475 U.S. at 650. The presumption can only be overcome by a determination made with "positive assurance" that the arbitration provision "is not susceptible of

an interpretation that covers the [instant] dispute." *PaineWebber*, 921 F.2d at 511. To resolve whether the arbitration provision can be interpreted in a way that covers the instant dispute, courts evaluate whether the claims are in the scope of the provision. *Id.* Only then, to determine if the claims are in the scope of the provision, do Ohio courts consider whether the factual allegations underlying the claims "touch matters" in the provision. *Duryee*, 1999 WL 744341, at *4.

The factual allegations underlying Plaintiffs' claims "touch matters" covered by the Customer Agreement. The claims therefore fall within the scope of the Customer Agreement and thus there can be no "positive assurance" that the instant dispute does not come within the scope of the Customer Agreement.

I accordingly overrule Plaintiffs' second objection to the Magistrate Judge's recommendation.

Thus, the Magistrate Judge's Report and Recommendation (D.I. 23) is ADOPTED. Defendants' Motion to Stay and Compel Arbitration (D.I. 15) is GRANTED. This case is STAYED and ADMINISTRATIVELY CLOSED.

Entered this 7 day of February, 2020.

_____
United States District Judge